IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**JAMES SNEED, JR.,**

        Petitioner,

v.                                                              12cv218 JB/RHS

**JOSEPH GARCIA, Warden, and**
**GARY K. KING, Attorney General for**
**the State of New Mexico,**

        Respondents.

## REPORT AND RECOMMENDATION

       **THIS MATTER** comes before the Court on Petitioner James Sneed Jr.'s Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 By A Person In State Custody (Doc. 1). The matter has been referred to the undersigned to analyze and to recommend a disposition to the assigned District Judge (Doc. 3). After a careful review of the Application (Doc. 1), Respondents' Answer (Doc. 7), and other documentation available to the Court, it is recommended that the Application be DENIED as without merit.

## CASE HISTORY

       Petitioner attacks his conviction for trafficking a controlled substance (Doc. 1 at 2). A jury convicted Petitioner in October 2009 of one count of trafficking a controlled substance, a first degree felony, and one count of possession of marijuana, a petty offense (Doc. 7-1 at 4). He alleges three errors occurred at his trial: (1) the prosecution's use of a confidential informant violated his right to confront witnesses, (2) the trial court allowed the recordings of his jailhouse phone calls to be played at trial, and (3) his equal protection and fair trial rights were violated when a defense witness testified in shackles and prison uniform (Doc. 1). Petitioner filed a direct appeal with the New Mexico Court of Appeals, which did not rule in his favor (Doc. 7-1 at 47).

He then petitioned the New Mexico Court on some but not all of the issues he raised with the Court of Appeals (Doc. 7-2).   Petitioner had the benefit of counsel for these state court appeals.   The state Supreme Court granted certiorari and then quashed certiorari (Doc. 7-2 at 33).   As a result, the New Mexico Court of Appeals opinion is the final decision on direct appeal from the state court system.   Petitioner did not file any state habeas corpus petition (Doc. 7 at 7).

## LEGAL STANDARD

The habeas corpus statute requires that the Petitioner show that he "is in state custody in violation of the Constitution or laws or treaties of the United States." § 2254(a).   Petitioner must also show that he "has exhausted the remedies available in the courts of the State." § 2254(b)(1)(A).   A claim that has been adjudicated on the merits in state court will be reviewed under the deferential standard of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).   Turrentine v. Mullin, 390 F.3d 1181, 1188 (10th Cir. 2004).   Under AEDPA, the Court cannot grant habeas relief pursuant to 28 U.S.C. § 2254(d), unless the decision in the state court proceeding (1) is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) is "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."   28 U.S.C. § 2254 (d)(1) - (2).   State court decisions must be given the benefit of the doubt.   Byrd v. Workman, 645 F.3d 1159, 1166 (10th Cir. 2011) (citing Renico v. Lett, __ U.S. __, 130 S. Ct. 1855, 1862 (2010)).   AEDPA increased the deference federal courts must show state court's factual findings and legal determinations.   Houchin v. Zavara, 107 F.3d 1465, 1470 (10th Cir. 1997).   The Court must presume the factual findings made by the state court are correct and the Petitioner has the burden of rebutting this presumption by "clear and convincing evidence." 28 U.S.C. § 2254 (e)(1).

## ANALYSIS

### CLAIM ONE: CONFIDENTIAL INFORMANT

Petitioned used the Court's form to apply for habeas corpus relief (Doc. 1). For claim one, Petitioner simply states "Confidential Informant." The form instructs petitioners to "Summarize briefly the facts supporting each claim" (Doc. 1 at 5). Instead of summarizing facts, Petitioner attached select pages from the New Mexico Court of Appeals opinion addressing the same claim (Doc. 1 at 14). The opinion stated, "Our notice observed that Defendant did not describe any facts indicating why he should have been permitted to confront the confidential information (CI) at the suppression hearing, what the State argued below, and the grounds upon which the district court ruled" (Doc. 7-1 at 48). The Court here is likewise in the dark regarding what Petitioner would like the Court to consider upon federal habeas review, even after reviewing counsel's briefs to the state appellate courts.

The primary problem with Petitioner's sparse argument is that he has not presented any federal legal issue for the Court to review, nor can the Court sua sponte determine what claim Petitioner may have based on the facts of his case. Habeas relief cannot be granted unless the decision in the state court proceeding (1) is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) is "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254 (d)(1) - (2). Since Petitioner has not alleged any violation of federal law in his Application (Doc. 1), the Court cannot conclude that any occurred.

The secondary problem with this claim is procedural default. At the Court of Appeals, Petitioner did connect his confidential informant claim to the federal constitutional right to confront witnesses against him (Doc. 7-1 at 16), but he abandoned this argument after the Court of Appeals decision and before filing with the New Mexico Supreme Court (Doc. 7-2 at 5), where he

was represented by counsel. As a result of abandoning any federal law argument and depriving the state's highest court the opportunity to consider it, Petitioner's "Confidential Informant" claim is procedurally defaulted. "No procedural principle is more familiar to this Court than that a constitutional right may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it." Coleman v. Thompson, 501 U.S. 772, 751 (1991) (citation omitted). In his Application, Petitioner has not provided any reason as to why he abandoned his claim.

Therefore it is recommended that Petitioner's "Confidential Informant" claim be dismissed with prejudice because it does not present any federal legal issue as required by statute for this court to grant relief, and because any federal legal issue that may have been presented in the New Mexico Court of Appeals is now procedurally defaulted.

CLAIM TWO: RECORDINGS

For his second claim, Petitioner simply states "Recordings" (Doc. 1 at 7) and refers to the state court opinion that he attached. From the documents attached, the Court infers that Petitioner is arguing that the trial court erred when the court allowed the prosecution to play recordings at trial of Petitioner's phone calls from jail (Doc. 1 at 17). There is not any explanation regarding the content of the recordings. Neither the Petition nor the attachments make any reference to an error or violation that implicates a federal constitutional right. After careful consideration, the Court is not able to sua sponte identify any federal constitutional right that may have been violated by the prosecution playing jailhouse phone calls. As such, this Court cannot grant habeas relief because the trial court's ruling was not "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254 (d)(1). This claim will be dismissed because it is wholly lacking in any merit that a

federal constitutional right was violated.

### CLAIM THREE: SHACKLED DEFENSE WITNESS

In the third claim, Petitioner states, "Shackled Defense Witness" and nothing more. He again refers to the state court opinion, which summarized his argument. From the attached Court of Appeals opinion, the Court infers that the shackled defense witness was the individual who Petitioner claims was responsible for the drug trafficking crime for which Petitioner was accused (Doc. 1 at 19). Given that Petitioner was trying to cast criminal blame on this witness, one would think that prison attire of this witness would bolster the defense theory that she was culpable, rather than Petitioner. Despite the fact that the witness testified in apparel consistent with the defense theory, Petitioner argued to the New Mexico Supreme Court that because the witnesses he called was shackled and dressed in prison uniform, (1) he was denied his right to a fair trial and (2) his equal protection rights were violated (Doc. 7-2 at 8).

For this claim, Petitioner has asserted a cognizable federal constitutional right. However, the primary impediment to granting habeas corpus relief is that the claim lacks merit. The right to a fair trial and equal protection were raised before the New Mexico Court of Appeals on direct appeal (Doc. 7-1 at 25), where Petitioner had counsel and an opportunity to develop his argument. The New Mexico Court of Appeals noted that Petitioner did not explain his argument in any way, and the court proceeded to decide the issue as it had been presented (Doc. 7-1 at 25). The Court of Appeals concluded that the argument did not have any merit (Doc. 7-1 at 25). Petitioner's brief to the New Mexico Supreme Court also raised fair trial and equal protection claims (Doc. 7-2 at 8). Since the New Mexico Supreme Court quashed certiorari, the New Mexico Court of Appeals is the final state court opinion on the merits. Petitioner has not alleged, nor can the Court determine on its own that the New Mexico Court of Appeals opinion was "contrary to, or involved an

unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254 (d)(1).  The opinion is also entitled to deference. Houchin v. Zavara, 107 F.3d 1465, 1470 (10th Cir. 1997).  Because the right to fair trial and equal protection have already been decided on the merits by the state court consistent with 28 U.S.C. § 2254 (d)(1), it is recommended that Petitioner's claim regarding a shackled defense witness be dismissed with prejudice on the merits.

## CONCLUSION

Judicial review in this matter has been complicated by the fact that the Petition (Doc. 1) did not contain any complete sentences to explain Petitioner's position.  However, it is clear from Petitioner and Respondent's attachments that the Petition is wholly lacking any merit that a federal constitutional right was violated.  Therefore it is recommend that that Petitioner James Sneed Jr.'s Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 By A Person In State Custody (Doc. 1) be DENIED with prejudice.

Within fourteen (14) days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant 28 U.S.C. § 636(b)(1), file written objections to these proposed findings and recommended disposition.  A party must file any objections with the clerk of the district court within the fourteen (14) day period allowed if that party would like to have appellate review of the proposed findings and recommendations.  If objections are not filed, appellate review will not be allowed.

*Robert Hayes Scott*
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE